UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT,<br><br>　　　　　Defendant. | No.  2:24-cv-01192 DAD AC (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  This case was removed from Sacramento County Superior Court on April 24, 2024.  ECF No. 1.  Plaintiff filed a First Amended Complaint on May 21, 2024.  ECF No. 6.  On June 4, 2024, defendant Home Depot moved to dismiss.  ECF No. 10.  The motion was taken under submission.  ECF No. 11.  Plaintiff opposed the motion (ECF No. 14) and defendant replied (ECF No. 16).  Plaintiff submitted an additional exhibit, consisting of a printout of the definition of "hostile work environment."  ECF No. 17.  For the reasons set forth below, the undersigned recommends defendant's motion to dismiss (ECF No. 10) be GRANTED and the Amended Complaint (ECF No. 6) be DISMISSED with leave to amend.

////

////

# I. Background

## A. The Complaint

Plaintiff filed his complaint, entitled "Complaint for Damages for Libel," in state court on January 29, 2024. ECF No. 1 at 13-21. The complaint alleged that defendant Home Depot slandered plaintiff by calling him a pimp and a sugar daddy, and telling plaintiff's peers to watch him so that he wouldn't "rub off" on new coworkers. ECF No. 1 at 14. Plaintiff alleged that defendant's words were defamatory because he has been a married man for 24 years, and the words were used to defame and slander plaintiff's character. Id. Plaintiff alleged that because of defendant's conduct he was subjected to a "hostile work environment, character assassination, humiliation, [and] job gratification." Id. Plaintiff alleged that he was suspended for a "false threat" of which he was later found to be innocent. Id.

Defendant moved to dismiss the complaint, asserting that the "sole cause of action for libel should be dismissed because (1) it is barred by the [one year] statute of limitations; and (2) the alleged defamatory statements are unactionable opinion." ECF No. 4 at 3. In response to the motion to dismiss, plaintiff submitted a First Amended Complaint ("FAC"). ECF No. 6. On the form complaint document, plaintiff checked a box indicating that the basis for jurisdiction is "Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17." ECF No. 6 at 4. Under "Statement of Claim" plaintiff checked the boxes for "Unequal terms and conditions of my employment" and "Retaliation." Id. at 5. Plaintiff stated that he received the requisite Notice of Right to Sue Letter form the Equal Employment Opportunity Commission on November 23, 2023 (id. at 6) and attached a copy of the Notice (id. at 8). The FAC does not contain any narrative statement of facts.

## B. Motions to Dismiss

Defendant moves to dismiss the FAC, arguing that it (1) it is barred by the statute of limitations, and (2) it fails to state any facts to support a claim for relief. ECF No. 10 at 3.

# II. Analysis

## A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

2

1 sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
2 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
3 sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901
4 F.2d 696, 699 (9th Cir. 1990).

5 To survive dismissal for failure to state a claim, a complaint must contain more than a
6 "formulaic recitation of the elements of a cause of action;" it must contain factual allegations
7 sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly,
8 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that
9 "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id.
10 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed.
11 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a
12 claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
13 Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
14 content that allows the court to draw the reasonable inference that the defendant is liable for the
15 misconduct alleged." Id.

16 In reviewing a complaint under this standard, the court "must accept as true all of the
17 factual allegations contained in the complaint," construe those allegations in the light most
18 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus,
19 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,
20 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th
21 Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of
22 factual allegations, or allegations that contradict matters properly subject to judicial notice. See
23 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State
24 Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

25 Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
26 Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may
27 only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
28 of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.

2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

      B.  Statute of Limitations

Before a plaintiff can file a Title VII civil action, he must file a timely charge of discrimination with the Equal Employment Opportunity Commission. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). By statute, a plaintiff has ninety days from his receipt of the EEOC's right-to-sue letter to file a Title VII claim. 42 U.S.C. § 2000e-5(f)(1). This ninety-day period operates as a statute of limitations. Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir.1992). Therefore, if a plaintiff fails to file his Title VII civil action within the ninety-day period, this action is barred. Id. at 267. A statute of limitations defense may be raised by a motion to dismiss when the running of the statute is apparent on the face of the complaint. Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010).

Defendant argues that because the FAC alleging employment discrimination under Title VII was filed on May 21, 2024, plaintiff missed the 90-day window in which to sue, which ran from November 16, 2023 and ended on February 15, 2024. ECF No. 6 at 8. While defendant does not dispute that plaintiff's initial complaint, filed in January of 2024, was filed within the right to sue window, defendant argues that the FAC does not relate back to the original complaint, and thus, the Title VII claim is time-barred. ECF No. 16 at 3.

Defendant's contention that the FAC does not relate back to the original complaint is not persuasive. Pursuant to Rule 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim that "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. Proc. 15(c)(1)(B). Defendant argues that the FAC does not relate back to the original pleading because the original complaint "asserts one claim for defamation" and "does not assert any claims or facts

relating to employment discrimination." ECF No. 10 at 5-6.  A review of the original complaint reveals that it does not clearly list any causes of action.  Instead, it presents a series of factual allegations stating that plaintiff experienced name-calling and harassment, that he was subject to a hostile work environment, and that was retaliated against for complaining to leadership.  ECF No. 1 at 14.  The FAC, to the contrary, contains no supporting facts whatsoever but asserts two causes of action: a Title VII claim of retaliation and a Title VII claim of unequal terms and conditions of employment.  ECF No. 6 at 5.  It is not readily apparent that the FAC is unrelated to the facts in the original compliant.  To the contrary, the original complaint and the FAC appear to arise out of a common nucleus of facts, but the FAC's lack of factual support makes it impossible to discern whether this is the case.  The court liberally construes the pro se plaintiff's pleadings and declines at this juncture to find that the FAC is barred by the 90-day statute of limitations.

### C. Failure to State a Claim

As stated above, the FAC does not contain any supporting facts, and therefore fails to state a claim upon which relief can be granted. Title VII makes it unlawful for an employer to discriminate against any person with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2.  To state a claim for either racial or gender discrimination under Title VII, plaintiff must plead: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.  Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004).  Plaintiff's FAC does not contain any of the necessary information, and therefore the undersigned must recommend that the motion to dismiss be GRANTED.  However, plaintiff is a pro se litigant, and as such should be given leave to file an amended complaint that cures the defects in the FAC.

### III.   Leave to Amend

Leave to amend is appropriate in this case.  Plaintiff is informed that the Second Amended Complaint must contain a short and plain statement of plaintiff's claims.  The allegations of the

complaint should be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. Importantly, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.  Pro Se Plaintiff's Summary

The Magistrate Judge is recommending to the District Judge that your First Amended Complaint be dismissed, but that you be given the opportunity to file a Second Amended Complaint. You may file an objection to this recommendation within 21 days if you wish to do so. If the District Judge issues an order adopting these recommendations, you will have 30 days from the date of that order to file a Second Amended Complaint that explains what happened to you, and why it violated the law.

////

## V.  Conclusion

Accordingly, the undersigned recommends as follows:

1. That the motion to dismiss at ECF No. 10 be GRANTED; and
2. That the First Amended Complaint (ECF No. 6) be DISMISSED for failure to state a claim; and
3. That plaintiff be granted leave to amend and provided 30 days to file a Second Amended Complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 2, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE