UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SMITH,<br><br>              Plaintiff,<br><br>       v.<br><br>HOME DEPOT,<br><br>              Defendant. | No.  2:24-cv-1192 DAD AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Defendant moves to dismiss the Third Amended Complaint without leave to amend.  ECF No. 29.  For the reasons set forth below, the undersigned recommends the motion to dismiss be GRANTED and that this case be dismissed without further leave to amend.

**I. Background**

This case was removed from Sacramento County Superior Court on April 24, 2024.  ECF No. 1.  The initial complaint was entitled "Complaint for Damages for Libel," and alleged that Home Depot had slandered plaintiff by calling him a pimp and a sugar daddy and telling plaintiff's peers to watch him so that he wouldn't "rub off" on new coworkers.  ECF No. 1 at 13-14.  The complaint also stated that this offensive conduct had created a hostile work environment that that plaintiff had been suspended for a "false threat" of which he was later found to be

1

1  innocent. Id. Defendants moved to dismiss, ECF No. 5, and plaintiff responded by filing a First
2  Amended Complaint on May 21, 2024. ECF No. 6.
3        The First Amended Complaint asserted claims under Title VII of the Civil Rights Act of
4  1964, 42 U.S.C. §§ 2000e to 2000e-17. ECF No. 6 at 4. On June 4, 2024, Home Depot moved to
5  dismiss the First Amended Complaint on grounds that it (1) was barred by the statute of
6  limitations, and (2) failed to state any facts to support a claim for relief. ECF No. 10. The motion
7  was granted on the latter ground, and plaintiff was granted leave to amend. ECF Nos. 18, 20.
8  Plaintiff filed the operative Second Amended Complaint "SAC" on November 4, 2024. ECF No.
9  19.
10        The Second Amended Complaint ("SAC") asserted claims of discrimination, retaliation,
11  and hostile work environment under Title VII. ECF No. 19 at 2-4. Plaintiff alleged he is African
12  American as well as a member of other minority groups. ECF No. 19 at 2. Pursuant to the SAC,
13  on August 22, 2022, plaintiff was approached by co-worker Anthony Whitfield, a Caucasian
14  male. Id. Whitfield told plaintiff that Management Supervisor "Keith B.," who is also
15  Caucasian, advised Whitfield and a new co-worker "Oscar M." to watch plaintiff because he
16  didn't want plaintiff to "rub off on the new guy." Plaintiff asked Whitfield and Oscar M. if Keith
17  B. really said that, and both Whitfield and Oscar M. stated that they did not approve of what
18  Keith B. said about plaintiff. Id. Plaintiff got a statement from Whitfield and/or Oscar M.,
19  brought it to Human Resources, and was told that management would take care of the matter. Id.
20        Plaintiff alleged that on September 4, 2022, plaintiff was approached by another co-
21  worker, Sergio S., who stated that Keith B. was in the break room talking to plaintiff's co-
22  workers about him. Id. at 3. Sergio S. told plaintiff that if it happened again, he would record it
23  because he was tired of listening to Keith B. say things that weren't true. Id. On September 14,
24  2022, plaintiff was again approached by Sergio S., who played for him a recording of Keith B.
25  stating that plaintiff "looked like a pimp" but was really a "sugar daddy" and that that he is tired
26  of plaintiff and wants him out of the store. Id. Plaintiff alleged he could hear his co-workers
27  laughing and saying, "that's an insult." Id.
28        In October of 2022, after providing a recording and statement of events that occurred,

plaintiff received a phone call on his day off from Home Depot corporate that he was suspended for threatening Keith B.'s life, and plaintiff could not return to work until the incident was investigated. Id. at 4. Plaintiff informed the caller that he "did or said no such thing" and that he was the victim in all of this, and that the report was made because he informed corporate of Keith B.'s prior actions. After a period off work, plaintiff was called again by Home Depot corporate and was told he could return to work. Id. Keith B. admitted that he lied, that there was no merit to his claim, and that he retaliated against plaintiff because plaintiff had "brought to light what had happened." Id. Plaintiff declined Keith B.'s desire to apologize. Id. Plaintiff went back to work and eventually Keith B. stopped working at his job. Id.

Defendant moved to dismiss the SAC, arguing it was time-barred and that it failed to state a claim upon which relief could be granted. ECF No. 21. The undersigned rejected the argument that the complaint was time-barred but agreed that plaintiff did not state a claim upon which relief could be granted. ECF No. 26. The court dismissed all claims without leave to amend, except for plaintiff's hostile work environment claim, which was dismissed with leave to amend. Id. Leave to amend was granted as to the hostile work environment claim because at the hearing on the motion to dismiss, plaintiff indicated that additional incidents not previously further reflect Keith's racial hostility. Plaintiff stated that, among other things, after his return to work following suspension Keith continued to supervise him for a period of time and to treat him badly, and that even after Keith left employment, he would return to the store and bother plaintiff. Finding that the details of those interactions were necessary to determine whether could state a claim for hostile work environment, the undersigned recommended leave to amend. The District Judge adopted the recommendations. ECF No. 27. Plaintiff filed his Third Amended Complaint on May 20, 2025. ECF No. 28.

## II. The Third Amended Complaint

The Third Amended Complaint ("TAC") pleads facts largely identical to those presented in the SAC and described above. To support his hostile work environment claims, plaintiff writes:

////

>SEPTEMBER 4, 2022 I (PLAINTIFF) again was approached by another co worker SERGIO S. He stated that MANAGEMENT SUPERVISOR Keith B. was in the breakroom talking to my Co workers workers [*sic*] about me . He stated if he does it again ,that he would record him with his Phone by audio .he stated that he was tired of him saying things that wasn't true. On SEPTEMBER 14, 2022 I again was approached by SERGIO S. WITH HIM PUTTIN HIS PHONE TO MY EARS AND HEARING MANAGEMENT SUPERVISOR KEITH B. (STATING) THAT I LOOKED LIKE A PIMP BUT REALLY IM A SUGAR DADDY AND THAT HE TIRED OF ME AND WANT OUT OF THE STORE AND I CAN HEAR MY OTHER CO WORKERS LAUGHING AND SAYING THAT'S A INSULT . (I INSTANTLY ASK CAN HE SEND MY PHONE A COPY OF THAT AUDIO IN WHICH DID, AND THE COURTS HAVE THAT EVIDENCE (PROOF).

ECF No. 28 at 7. In an attempt to cure the problems that the court previously identified with respect to the SAC, plaintiff added the following allegations:

>VERBAL ABUSE.
>
>A RECORDING OF BIAS DEROGATORY COMMENT STATED TO PEARS (sic) ABOUT PLAINTIFF.
>
>(MANIPULATING THE WORK ENVIRONMENT TO BE UNCOMFORTABLE FABRICATED STORY THAT I THREATENED HIS LIFE THAT CAUSE PLAINTIFF TO BE SUSPENDED; THEN KEITH B. ADMITTING THAT HE LIED ON PLAINTIFF AND CORPRATE [*sic*] TO DROP INVESTIGATION OF LIFE THREAT TO RETURN BACK TO WORK.
>INTIMIDATION; TELLING MY PEARS [*sic*] CO WORKERS; THAT HE HAS TO WATCH PLAINTIFF, BECAUSE HE DO NOT WANT PLAINTIFF TO RUB OFF ON HIS NEW HIRE. INTIMIDATION; AFTER THE FACT THAT THIS SITUATION BECAME BINDING AN (sic) LEGAL; KEITH B. CONTINUED TO HARASS ME IN MY PLACE OF WORK WITH STARES AND COMMENTS DURING MY WORK HOURS AND WORK AREA.

ECF No. 28 at 2.

### III. The Motion to Dismiss

Defendant moves to dismiss the TAC for failure to state a claim upon which relief can be granted without further leave to amend. ECF No. 29. Plaintiff opposed the motion. ECF Nos. 32, 34. Defendant filed a reply. ECF No. 33.

////

A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may

5

only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

  B.  Failure to State a Claim

   Plaintiff's only remaining claim is for hostile work environment in violation of Title VII.  ECF No. 28 at 2.  To establish a prime facie case for a hostile work environment under Title VII, a plaintiff must plead: (1) he was subjected to verbal or physical conduct based on a protected class; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment.  Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir. 2008).  Courts consider all of the circumstances in determining whether these criteria are met, "including the frequency of the allegedly discriminatory conduct, its severity, and whether it unreasonably interferes with an employee's work performance."  Id.  In determining whether conduct was sufficiently severe to constitute a Title VII claim, "[c]ontext matters.  Workplace conduct is to be viewed cumulatively and contextually, rather than in isolation.  This approach makes common sense in order to screen out one-off, isolated events and yet benchmark conduct in the context of a specific workplace."  Sharp v. S&S Activewear, L.L.C., 69 F.4th 974, 978 (9th Cir. 2023) (internal citations omitted).  "The question is whether the alleged offensive conduct was sufficiently severe *or* pervasive to alter the conditions of employment."  Equal Emp. Opportunity Comm'n v. Tesla, Inc., 727 F. Supp. 3d 875, 890 (N.D. Cal. 2024) (emphasis original).  "In evaluating the significance of the statements in question, we consider the objective hostility of the workplace from the perspective of the plaintiff."  McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1115 (9th Cir. 2004).  "[A]llegations of a racially hostile workplace must be assessed from the perspective of a

reasonable person belonging to the racial or ethnic group of the plaintiff." Id.

In the recommendation to dismiss the Second Amended Complaint, the court noted that the SAC contained three instances in which plaintiff's supervisor, Keith B., made derogatory statements about him: (1) on August 22, 2022, co-worker Anthony Whitfield told plaintiff that Keith advised a new co-worker to stay away from plaintiff because he did not want plaintiff to "rub off" on the new worker; (2) on September 4, 2022, plaintiff was approached by another co-worker, Sergio S., who stated that Keith B. was in the break room talking to plaintiff's co-workers about him; and (3) on September 14, 2022, plaintiff was again approached by Sergio S., who played for him a recording of Keith B. stating that plaintiff "looked like a pimp" but was really a "sugar daddy." ECF No. 19 at 2-3.

In evaluating these allegations, the undersigned found that they were insufficient to state a Title VII claim. The recommendations explained that on one hand, although the remarks in question are not expressly race-related, the Ninth Circuit has held that the use of "code words" with underlying racial motivations can be enough to support a Title VII claim. McGinest, 360 F.3d at 1117. The reference to looking "like a pimp" invokes racist stereotypes and thus amounts to racially coded language. However, the court explained that the "pimp" reference, without more, was insufficient to state a claim because in the SAC it was unclear whether the August 22 and September 4, 2022 comments could also be construed as race related, due to the paucity of contextual details. Without additional facts, the court explained, it could not be determined whether the "pimp" reference was a "one off-isolated event," see Sharp, 69 F.4th at 978, or whether plaintiff was subjected to a hostile work environment based on his race.

While the SAC indicated that that Keith made his false accusation against plaintiff in retaliation for plaintiff's complaints about him (ECF No. 19 at 4), it did not provide a clear factual basis for a conclusion that the false accusation was motivated by plaintiff's race. The court explained that a single previous reference to plaintiff as looking like a pimp is too slim a reed to support an inference that Keith's false accusation and ongoing general antagonism were motivated by plaintiff's race. The invitation to file a Third Amended Complaint was intended to give plaintiff an opportunity to add facts and context; to clarify for the court whether it was

7

possible for him to successfully allege a claim for hostile work environment under Title VII.

The contents of the TAC make it clear that plaintiff cannot state a hostile work environment claim. Plaintiff alleges that "Keith B. continued to harass me in my place of work with the stares and comments during my work hours and work area," but this vague, nonspecific information is insufficient to state a hostile work environment claim. The court explained to plaintiff that he needed to "amend the [hostile work environment] claim to include descriptions of each incident that reflects Keith B.'s mistreatment of you, any facts showing that his animosity toward you was based on your race[.]" ECF No. 26 at 10. The Third Amended Complaint does not provide the necessary information. Accordingly, the TAC must be dismissed.

### IV. No Further Leave to Amend

Leave to amend should not be granted where it is clear that the complaint cannot be saved by amendment. Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004). Here, the court has provided plaintiff several opportunities to remedy the factual deficiencies in his pleadings, but these repeated opportunities have not resulted in a viable complaint. Despite clear and specific guidance, plaintiff continues to assert deficient allegations. Accordingly, further leave to amend would be futile and is not recommended.

### V. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending to the District Judge that the motion to dismiss be granted, and that this case be dismissed because the facts you provided do not support a hostile work environment claim, or any other legal claim. It is being recommended that you not be given another chance to amend the complaint. If you wish to object to these recommendations, you may do so within 21 days.

### VI. Conclusion

The undersigned recommends that defendant's Motion to Dismiss the Third Amended Complaint (ECF No. 29) be GRANTED, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 22, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE